Cardozo, J.
The omission to insert the Christian names of the plaintiffs is at most an irregularity. But even if that omission rendered the process void, the defendant could not avail *123 himself of it after his general appearance in the action. (Fixbey v. Mitchell, 7 Cow., 366.) Under our broad powers of amendment, as the papers already show that the plaintiffs are the persons who compose the firm of Ballouhey & Co., manu-1 facturers of glass-ware at La Bochelle, France, in furtherance of justice there should be leave granted to amend by inserting the Christian names of the persons who compose that firm.
The other objections raised by the defendant do not constitute any ground for vacating the order of arrest. It is insisted that many of the statements of the affidavit could not be within the knowledge of deponent. I do not see that this is necessarily so. The deponent swears positively to them, and as the facts are conceded to be as stated by him, by reason of the omission of the defendant to present any affidavits on his part, and as I can very well see how the deponent may have the knowledge of the facts which he asserts, I think this point has no force.
The other objections raised are:
1. That the affidavit does not show that when the deponent demanded the property from the defendant, any written authority was exhibited.
2. That it does not appear that any tender was made to the defendant.
A third point to the effect that the affidavit does not show, independent of those objections, any cause of action, was taken. But a careful reading of the paper is all that is necessary to show that that is unfounded, if the two points specified be untenable.
As to those two objections, it is enough to say that the demand, without production of the agent’s authority, would be perfectly good, unless that objection were taken at the time the demand was made. (Holbrook v. Wight, 24 Wend., 169; Tuttle v. Gladding, 2 Smith, 158; Dunl. Paley Ag., 347.) And if that were the fact, the defendant must show it.
But it is said that it does not appear that any tender was made. It may be answered—nor does it appear that there was ¡ any lien to discharge. The defendant of course had the right i to retain the property until any amount for which he was ¡ entitled to a lien was paid. But how can the court say that *124 any such amount was unpaid ? If.there existed any demand for which the defendant had a lien, he must show it; and as he has not done so, I must assume that there was no unpaid claim for which he was entitled to a lien.
The defendant’s motion must therefore be denied, with leave to renew it on affidavits, and with leave to the plaintiffs to amend the summons and papers by inserting their Christian names. And as the plaintiffs committed an irregularity, and the defendant fails in his motion, neither party should have costs against the other, either as a condition of allowing the plaintiffs to amend or of permitting the defendant to renew his application.
Ordered accordingly.